Dieter C. Dammeier, SBN 188759
Dieter@DammeierLaw.com
**DAMMEIER LAW FIRM**
8213 White Oak Avenue
Rancho Cucamonga, CA 91730
Telephone: (909) 240-9525
Facsimile:  (909) 546-2685

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SERANO,<br><br>           Plaintiff,<br><br>    vs.<br><br>XEREX LANDSCAPING, INC.<br><br>           Defendant. | Case No.: 5:19-cv-2179<br>**COMPLAINT**<br>Federal FLSA Claim<br><br>  1. Failure to Pay Minimum Wage for All Hours Worked (29 U.S.C. § 206(a));<br><br>California Supplemental State Claims<br><br>  2. Failure to Pay Minimum Wage for All Hours Worked (Cal. Labor Code §§ 1194 & 1194.2);<br>  3. Waiting Time Penalties (Cal. Labor Code § 203); |

## I.

## JURISDICTION

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the controversy arises under "the Constitution, laws or treatises of the United States." Specifically, the claim rises under the Fair Labor

**COMPLAINT**

1

Standard Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), for which the Federal Courts have jurisdiction to enforce pursuant to 29 U.S.C. § 216.  The Court has supplemental jurisdiction over the related State law claims.

## II.
## VENUE

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b) because the acts, events, or omissions given rise to the claim occurred in this District.

## III.
## PARTIES

3. Plaintiff JESUS SERANO is, and at all relevant times herein was, an individual over the age of eighteen and resident of California and employed by Defendant XEREX LANDSCAPING, INC.

4. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant is engaged in business in California, particularly within the Central District of California.

5. Defendant, XEREX LANDSCAPING, INC. is a California Corporation with its principal office in Nipomo, California and was at all relevant times, the employer of Plaintiff.  Defendant is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. §207(a) and as defined in 29 U.S.C. §§203(d) and 203(e)(2)(c).

## V
## GENERAL ALLEGATIONS

6. Plaintiff was employed by Defendant from September 4, 2019 through October 10, 2019 when he was terminated ("laid off").

7. On Plaintiff's final day, October 10, 2019, he was provided two pay checks from Defendant as follows:

$720.49 for the pay period September 15 to September 30, 2019.

$288.94 for October 1 to October 10, 2019

8. When Plaintiff went to cash the checks he was informed the checks "were dishonored by the bank and returned."

9. Plaintiff called who he believes to be the owner of the business, Justin Marsh, and informed him that the Defendant wrote him bad checks. Marsh indicated he would "look into it" or other words to that effect.

10. As of the filing of this case, the checks did not clear the bank and Defendant has not paid for Plaintiff's wages for the period of September 15 through October 10, 2019.

11. Said failure in not paying wages when due and owing was willful and intentional for purposes of liquidated damages under the FLSA and waiting time penalties under California Labor Code § 203.

## COUNT ONE
## FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 206(a)*
*Failure to Pay Minimum Wages and For All Hours Worked*

12. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

13. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

14. Defendant operates a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

15. In failing to pay Plaintiff all overtime wages at one-and-one-half times his regular rate of pay, Defendant willfully violated the FLSA.

16. Defendant intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages. Defendant is thus liable to Plaintiff for liquidated damages in an amount equal to his lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) and 255(a).

17. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

## COUNT TWO
## SUPPLEMENTAL STATE CLAIM
*Violation of California Labor Code §§ 1194 & 1194.2*
*Failure to Pay Wages and For All Hours Worked*

18. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

19. At all times mentioned herein, Defendant was subject to the minimum wage laws of the State of California pursuant to California Labor Code § 1194, regarding work undertaken for Defendant. Pursuant to California Labor Code § 1194, Defendant had a duty to pay their employees, including Plaintiff, no less than minimum wage for all hours worked. Under California Labor Code § 1194, Plaintiff is entitled to be paid unpaid wages and has standing to sue for such violations.

20. Defendant intentionally, with reckless disregard for its responsibilities under the California Labor Code, and without good cause, failed to pay Plaintiff his proper wages. Defendant is thus liable to Plaintiff for liquidated damages in an amount equal to his unpaid wages, pursuant to California Labor Code § 1194.2.

21. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

# COUNT THREE
## SUPPLEMENTAL STATE CLAIM
*Violation of California Labor Code §§ 201 & 203*
*Unpaid Wage and Waiting Time Penalties*

22. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

23. California Labor Code § 201(a) requires an employer who discharges an employee to pay the employee immediately upon discharge for wages due.

24. California Labor Code § 202(a) requires an employer to pay compensation due and owing to an employee who has quit or resigned within seventy-two (72) hours of that the time at which the employee provided notice of his intention to quit or resign.

25. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) days.

26. Plaintiff has left the employ Defendant, but has not yet been fully compensated for the hours that he worked.

27. Defendant has willfully failed and refused to make timely payment of wages to Plaintiff.

28. As a direct and proximate result of Defendant's alleged conduct, Defendant is liable to Plaintiff for up to thirty (30) days of waiting time penalties pursuant to California Labor Code § 203.

29. As a direct and proximate result of Defendant's conduct, Plaintiff is also entitled to attorney's fees under California Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

# V.
# **PRAYER FOR RELIEF**

1. For an order awarding Plaintiff compensatory damages for all wages earned but not paid, in the amount of $1,008.89 reflecting his net pay for the two bad checks written by Defendant;

2. For liquidated damages per the FLSA in a sum equal to the unpaid wages amount of the unpaid compensation due and owing;

3. For liquidated damages pursuant to California Labor Code § 1194.2. in a sum equal to the unpaid wages amount of the unpaid compensation due and owing;

4. For pre-judgment interest of 10% on the unpaid compensation under California Labor Code §§ 1194(a);

5. For "waiting time" penalties under California Labor Code § 203 (30 days at $14 per hour for 8 hours a day) totaling $3,360;

6. For an award of reasonable attorneys' fees, as provided by 29 U.S.C. § 216(b) of the FLSA and California Labor Code §§ 218.5 and 1194, and/or other applicable law;

7. For costs of suit herein;

8. For such other and further relief as the Court may deem appropriate.

Respectfully submitted,

Date: November 12, 2019          **DAMMEIER LAW FIRM**

          __/s/ Dieter C Dammeier_____
          Dieter C. Dammeier
          Attorneys for Plaintiffs